**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00055-SLG-MMS |
| Plaintiff, | |
| vs. | **FINAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY** |
| ADAM ALAN BLODGETT, | |
| Defendant. | |

Upon Defendant's request to enter a guilty plea to Count Three of the Indictment, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and the Defendant's consent to plead before a Magistrate Judge contained in the plea agreement, this matter was referred to the Magistrate Judge by the District Judge, with the consent of counsel for Defendant and the United States.

After resolution of scheduling and technology issues, the matter came on for a hearing on Defendant's guilty plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the undersigned United States Magistrate Judge. All parties appeared by video in court and on the record with the Defendant's consent.

In consideration of that hearing and the allocution made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney,

A.    **I make the following FINDINGS – that the Defendant understands:**

1. That any false statements made by the Defendant under oath may later be used against him in a prosecution for perjury or false statement;

2. The right to persist in a plea of "not-guilty";

3. The consequence of not being a United States citizen;

4. The nature of each charge to which the defendant is pleading guilty;

5. The maximum possible sentence, including imprisonment, fine, and the effect of the supervised release term,

6. Any applicable mandatory minimum penalty;

7. The Court's authority to order restitution [if applicable];

8. The Court's obligation to impose a special assessment;

9. Any applicable forfeiture;

10. The right to a speedy and public trial by jury;

11. The right to be represented by counsel – and if necessary to have the court appoint counsel– at trial and at every other stage of the proceedings;

12. The right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

13. The Defendant's waiver of trial rights if the court accepts a guilty plea or nolo contendere; and

14. That he knowingly, intelligently and voluntarily waived his right to appeal or collaterally attack his conviction and any sentence imposed if it is within the range permitted by the plea agreement; and

15. That in determining a sentence, the court will consider the obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

B. **I further FIND that:**

1. The Defendant is competent to enter a plea;

2. The plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force or threats or coercion;

3. Any agreements or promises which induced the plea of guilty are set forth in the written plea agreement or on the record; and

4. There is a sufficient factual basis for the Defendant's plea.

C. **I therefore RECOMMEND that:**

1. The District Judge accept the Defendant's guilty plea to Count Three of the Indictment, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2);

2. The District Judge vacate the Final Pretrial Conference and Trial by Jury dates;

3. The District Judge set a sentencing date in late June 2022 as requested by the parties.

D. **I further order preparation of a Presentence Report.**

    1. Any objection(s) to the presentence report shall be filed no later than fourteen (14) days after receiving the presentence report pursuant to Fed. R. Crim. P. 32(f)(1);

    2. Any sentencing memorandum shall be filed no later than seven (7) business days prior to sentencing pursuant to D.AK. LCrR 32.1(e);

The Sentencing hearing will be before the Honorable United States District Judge Sharon Gleason. The court excludes time from September 20, 2021 until the time of sentencing pursuant to 18 U.S.C. § 3161(h)(1)(G) on the ground that the District Judge will be considering the proposed plea agreement.

    DATED this 3rd day of May, 2022, at Fairbanks, Alaska.

                *s/ Scott A. Oravec*
                SCOTT A. ORAVEC
                United States Magistrate Judge

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **seven (7) days** from the date of service of this Report and Recommendation. D.Ak.L.M.R. 6(a) authorizes the Court to alter the standard objection deadlines.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).